# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD PERRY, | Civil No. 13-733 (JRT/TNL) |
| Plaintiff, | |
| v. | |
| BOSTON SCIENTIFIC FAMILY, BOSTON SCIENTIFIC CORPORATION, KEN STEIN, M.D., BOSTON SCIENTIFIC CARDIAC RHYTHM MANAGEMENT, and any future defendants, | **MEMORANDUM OPINION AND ORDER AFFIRMING ORDER OF THE MAGISTRATE JUDGE AND DENYING MOTION TO AMEND** |
| Defendants. | |

Donald Perry, No. 050031, D-1113-L, Martin Correctional Institution, 1150 Southwest Allapattah Road, Indiantown, FL 34956-4397, *pro se*.

Plaintiff Donald Perry, who is proceeding *pro se*, brings the present action against Boston Scientific Family, Boston Scientific Corporation, Ken Stein, M.D., Boston Scientific Cardiac Rhythm Management, and "any future defendants" (collectively, "Boston Scientific"), alleging that Boston Scientific manufactured a defective pacemaker that is causing Perry serious health problems. (Compl., Mar. 29, 2013, Docket No. 1.) The matter is before the Court on Perry's appeal from an order of United States Magistrate Judge Tony N. Leung that denied Perry's multiple requests for leave to proceed in forma pauperis ("IFP") and his request for appointment of counsel. ("June Order," June 24, 2013, Docket No. 12.) Having reviewed Perry's various filings, the

26-KMM

Court will affirm the Magistrate Judge's order as to Perry's applications for IFP status and appointment of counsel. The Court has also reviewed Perry's proposed amended complaint, which purports to advance a 42 U.S.C. § 1983 claim against Boston Scientific, and will deny the motion because the proposed amendment lacks merit.

## BACKGROUND

Perry is an inmate at Martin Correctional Institution in Indiantown, Florida. (*See* Compl. at 3.) In August 2010, Perry underwent a third open-heart surgery, during which doctors installed a pacemaker that was allegedly designed and manufactured by Boston Scientific. (*Id.* ¶¶ 2-4.) Perry now claims to suffer from a host of medical problems that he believes are caused by the pacemaker.[1] (*Id.* ¶ 3.)

Perry filed the present complaint seeking one billion dollars ($1,000,000,000.00) in compensatory damages from Boston Scientific. (*Id.* ¶ 10) Perry alleges that Boston Scientific manufactured and distributed defective pacemakers, (*id.*), and that the company failed to warn him of the potential hazards associated with the implantation of such a device, (*id.* ¶ 5). In connection with his initial filing, Perry submitted an application for leave to proceed IFP, (Appl., Mar. 29, 2013, Docket No. 2), which the Magistrate Judge subsequently denied, ("April Order," Apr. 9, 2013, Docket No. 3).

---

[1] Perry believes the following medical issues are caused by the pacemaker: (1) constant, serious chest pain; (2) the need for daily heart medications; (3) the need for daily blood thinner; (4) the need for daily blood pressure medications; (5) the need for daily low pulse medications; (6) the need for daily thyroid medications; (7) the need for daily stomach medications; 8) weakened eyesight; and (9) constant weight loss. (Appeal at 2, July 22, 2013, Docket No. 13.)

Perry then filed a motion for appointment of counsel, (Mot. to Appoint Counsel, Apr. 29, 2013, Docket No. 6), and a motion for reconsideration of the Magistrate Judge's denial of IFP status, (Mot. to Reconsider, Apr. 29, 2013, Docket No. 7).[2] In response, the Magistrate Judge again denied leave to proceed IFP on the basis that Perry is not exempt from the "three strikes" rule of 28 U.S.C. § 1915(g). (June Order at 5.) The Magistrate Judge also denied Perry's request for appointment of counsel, but noted that Perry may renew his request if he continues to pursue this action. (*Id.* at 6.)

Perry appeals the Magistrate Judge's June Order and continues to argue that he is exempt from the three strikes rule because he faces imminent danger of serious physical injury. (Appeal at 3, July 22, 2013, Docket No. 13.) Perry has also filed a motion to amend his complaint, in which he requests injunctive relief in the form of Boston Scientific removing his allegedly defective pacemaker and providing ongoing medical care. (Mot. to Amend at 1, 6, July 22, 2013, Docket No. 14.) Perry's amended complaint purports to bring claims against Boston Scientific under 42 U.S.C. § 1983, arising from violations of the Eighth and Fourteenth Amendments. (*Id.* at 1, 5.)

## ANALYSIS

**I.     STANDARD OF REVIEW**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is highly deferential. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). The Court will reverse such an order only if it

---

[2] Perry filed a second, essentially identical, motion to reconsider one month after the first. (Mot. for Reconsideration, May 30, 2013, Docket No. 10.)

is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.2(a).

## II.    APPLICATION TO PROCEED IN FORMA PAUPERIS

The "three strikes" rule denies IFP status to "an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (citing 28 U.S.C. § 1915(g)). The three strikes rule does not bar prisoners from filing actions while incarcerated, but it limits the right of an inmate, even one with no assets, to file actions without paying the standard filing fees. Perry does not dispute that he is subject to the three strikes rule because he has filed at least three prior actions that meet the criteria of the statute. He contends, however, that he is "under imminent danger of serious physical injury," and therefore falls within the exception to the three strikes rule that appears in the statute. 28 U.S.C. § 1915(g).

The Court concludes that the Magistrate Judge did not err in determining that Perry does not fall within the imminent danger exception in this action. "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred." *Martin*, 319 F.3d at 1050 (internal quotation marks omitted). While the statute simply states that the three strikes rule does not apply if "the prisoner is under imminent danger of serious physical injury," it would be an unreasonable reading of the statute not to require a connection between the imminent danger and the action filed by the prisoner.

In other words, the action in which the prisoner seeks IFP status must have the potential to prevent the imminent danger. *See Pettus v. Morgenthau*, 554 F.3d 293, 298-99 (2d Cir. 2009) (holding that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts," which is established if the danger is "fairly traceable to unlawful conduct asserted in the complaint" and "a favorable judicial outcome would redress that injury" (emphases omitted)).

Even assuming the truth of Perry's allegations in his original complaint and his proposed amended complaint, the Court finds that the necessary nexus between any imminent health risks he faces and the claims he asserts against Boston Scientific is lacking. Perry may face an imminent danger of serious injury due to the continued presence in his body of his pacemaker, but the present action against Boston Scientific is not a vehicle that could possibly protect him from that danger. Although Perry's proposed amended complaint seeks injunctive relief in the form of Boston Scientific removing Perry's pacemaker and providing medical care, the Court finds no authority for awarding such relief even if Perry were to prevail in demonstrating that the pacemaker is defective and causing him harm. The duty to provide medical care for Perry falls on prison officials, not Boston Scientific, *see Christian v. Wagner*, 623 F.3d 608, 612 (8th Cir. 2010), and no prison officials are named as defendants in this action.[3] Because a favorable outcome in the present action against Boston Scientific could result in only

---

[3] If Perry believes that prison officials have exhibited deliberate indifference to his serious medical needs, Perry may seek relief against those officials via a 42 U.S.C. § 1983 action alleging Eighth Amendment violations. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). The proper venue for such an action would likely be the United States District Court for the Southern District of Florida. *See* 28 U.S.C. § 1391(b).

monetary relief and not protection from any imminent health risks Perry may face, the Court finds that Perry does not satisfy the imminent danger exception to the three strikes rule. Therefore, the Magistrate Judge's denial of IFP status is neither clearly erroneous nor contrary to law.

### III.   APPOINTMENT OF COUNSEL

The Magistrate Judge denied Perry's motion for appointment of counsel after concluding that Perry "has the threshold ability to articulate his claims," and that neither the Court, nor Perry, would significantly benefit from the appointment of counsel at this stage. (Order at 6.) In response, Perry suggests that he an appointed attorney "would best be able to get access to all of the material medical records and expert professional medical doctors, relating to the plaintiff's case" and would "undoubtedly" help prove Perry's allegations. (Appeal at 2.)

A *pro se* litigant in a civil case does not have a constitutional or statutory right to court appointed representation. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). Instead, the decision to appoint counsel is left to the discretion of the district court. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). The factors that guide the Court's discretion include "the factual and legal complexity of the case, and the [plaintiff]'s ability both to investigate and to articulate his claims without court appointed counsel." *Id.* The Court finds that the Magistrate Judge's refusal to appoint counsel was not clearly erroneous or contrary to law. As the Magistrate Judge noted, the nature of Perry's claims is relatively clear. Most importantly, because IFP status was properly

denied, this action will be summarily dismissed if Perry does not pay the required fees. If the action is summarily dismissed, appointing counsel would provide no benefit for Perry or the Court. Therefore, the Court affirms the Magistrate Judge's denial of Perry's motion for appointment of counsel. If the action proceeds, Perry will be allowed to renew his motion.

## IV. MOTION TO AMEND

The Court will also address Perry's motion to amend his complaint, which he filed in conjunction with his appeal of the Magistrate Judge's order. Perry seeks to amend his complaint to assert a 42 U.S.C. § 1983 claim against Boston Scientific and to include a prayer for injunctive relief. However, Perry provides no support for his assertion that any of the named defendants, all of which are clearly private actors, acted under color of state law, (*see* Mot. to Amend ¶ 7), as required to state a claim under Section 1983, *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). Perry's proposed amended complaint is clearly an attempt to force this action into the imminent danger exception to the three strikes rule, but the attempt is futile because, as noted above, the named defendants do not have a duty to provide Perry's medical care and are not the appropriate targets for a Section 1983 action.

The Court notes that the general rule is that "a plaintiff may amend its complaint once as a matter of course before a responsive pleading is filed." *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 955-56 (8th Cir. 2002); *see also* Fed. R. Civ. P. 15(a)(1)(B). However, the IFP statute creates a somewhat unique procedural posture and

requires the district court to dismiss an action if it determines that it is frivolous or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Here, because the proposed amended complaint is frivolous in that it attempts to bring a Section 1983 claim against private actors without any allegation as to why they should be treated as state actors, the Court will deny the motion to amend. *See Carlson*, 552 F.3d at 650 ("Only state actors can be held liable under Section 1983. The under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory and wrongful." (alteration, citation, and internal quotation marks omitted)).

As noted above, if Perry believes that he is not receiving adequate medical care, his recourse lies with the prison officials that have a duty to provide such care. The present action does not name any prison officials as defendants or allege any facts suggesting that there would be a basis to hold them liable. Rather, the present action, to the extent that it has any viability, is a tort suit against private actors seeking damages for harm caused by an allegedly defective medical device. Because the present action does not involve non-frivolous claims that would satisfy the imminent danger exception to the three strikes rule, Perry must pay the required fees in order to proceed with his tort claims against Boston Scientific. The Court will allow Perry thirty days to do so.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Perry's objections [Docket No. 13] to the Magistrate Judge's June 24, 2013 order [Docket No. 12] are **OVERRULED**.

2. The Magistrate Judge's June 24, 2013 [Docket No. 12] order is **AFFIRMED**.

3. Perry's Motion to Amend [Docket No. 14] is **DENIED**.

4. Perry shall have thirty (30) days from the date of this order to pay the full $350 filing fee for this case. Failure to pay the filing fee within the specified time period, this case will be dismissed.

DATED: December 5, 2013  
at Minneapolis, Minnesota.

                                                   s/ John R. Tunheim  
                                                  JOHN R. TUNHEIM  
                                                  United States District Judge