UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DONALD PERRY, | Civil No. 13-733 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |
| BOSTON SCIENTIFIC FAMILY; BOSTON SCIENTIFIC CORPORATION; MD KEN STEIN; BOSTON SCIENTIFIC CARDIAC RHYTHM MANAGEMENT, *et al.*; and any future defendants, | |
| Defendants. | |

Donald Perry, No. 050031, D-1113-L, Martin Correctional Institution, 1150 Southwest Allapattah Road, Indiantown, FL  34956, *pro se*.

On March 29, 2013, Plaintiff Donald Perry filed a complaint alleging that Defendants manufactured a defective pacemaker that is causing Perry serious health problems.  (Compl. Mar. 29, 2013, Docket No. 1.)  On December 5, 2013, the Court affirmed the order of United States Magistrate Judge Tony N. Leung denying, among other requests, Perry's application for leave to proceed *in forma pauperis* ("IFP").  (Mem. Op. & Order, Dec. 5, 2013, Docket No. 15.)  The Court affirmed the Magistrate Judge on the basis that Perry was subject to the "three strikes rule" because he is "'an inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim.'"  (*Id.* at 4 (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)).)  The Court found that Perry's complaint did not satisfy the imminent danger

exception to the three strikes rule because his cause of action against Defendants did not have the potential to prevent any imminent danger to Perry caused by the allegedly defective pacemaker. (*Id.* at 4-6.) Specifically, the Court found that although "Perry may face an imminent danger of serious injury due to the continued presence in his body of his pacemaker . . . the present action against Boston Scientific is not a vehicle that could possibly protect him from that danger," because Perry would not, as a matter of law, be entitled to "injunctive relief in the form of [Defendants] removing Perry's pacemaker and providing medical care." (*Id.* at 5.)

Perry now seeks leave to file a motion for reconsideration, arguing that the Court should reconsider its December 5 denial of his application to proceed IFP because on August 7, 2013, a United States Magistrate Judge in the Southern District of Florida granted Perry's application to proceed without paying the filing fee in a lawsuit Perry filed against Florida prison officials alleging various assaults and misconduct by those officials against Perry during his incarceration. (S.D. Fla. Civ. No. 13-14295, Order, Aug. 7, 2013, Docket No. 9; Compl., July 23, 2013, Docket No. 1.)

Under Minnesota Local Rules, a party may only file a motion to reconsider with express permission of the court, and "[a] party must show compelling circumstances to obtain such permission." D. Minn. LR 7.1(j). This is because motions for reconsideration "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011) (internal quotation marks omitted). District courts have broad discretion in determining whether to permit a party to file a motion to reconsider. *See*

*Eckerson v. Blowers*, Civ. No. 07-984, 2008 WL 239556, at *1 (D. Minn. Jan. 29, 2008) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413 (8th Cir. 1988)).

Here, the order from the Southern District of Florida relied upon by Perry does not demonstrate that the Court's December 5 order contains any manifest errors of law or fact. Perry's Florida case involves different defendants and an entirely different set of factual circumstances than the present lawsuit based upon his pacemaker. Therefore, the decision of the magistrate judge in the Florida case to allow Perry to proceed without first paying a filing fee does not alter this Court's conclusion that Perry failed to meet the imminent danger exception to the three strikes rule in **this** action. Consequently, the Court finds no compelling circumstances justifying the filing of a motion for reconsideration, and Perry will not be allowed to proceed IFP.[1]

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Refiled Motion for Reconsideration for Leave to Proceed In Forma Pauperis [Docket No. 16] is **DENIED**.

---

[1] To the extent Perry's request to file a motion for reconsideration could be construed as a request that his case be transferred to a different district judge, the Court denies such a request. Perry requests that a panel of district court judges be convened to hear his case based on his contention that the Court's December 5 order reflects racial animus against Perry. (Mot. for Reconsideration at 3, Dec. 19, 2013, Docket No. 16.) But Perry has failed to identify any "personal bias or prejudice arising from an extrajudicial source," *see Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir. 1989), and therefore has no basis for recusal or his requested *en banc* hearing. Perry's general criticisms of the Court have no basis in law or fact, and therefore do not form the basis for any relief. *See United States ex rel. Sammarco v. Ludeman*, Civ. No. 09-880, 2010 WL 681454, *4 (D. Minn. Feb. 25, 2010) (dismissing unfounded criticisms of a magistrate judge as not providing any basis for relief).

Perry shall have thirty (30) days from the date of this order to pay the full $350.00 filing fee for this case.  If the filing fee is not paid within the specified period, the Court will dismiss this case.

DATED:  February 12, 2014                  ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                         United States District Judge